

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NATURAL RESOURCES DEFENSE COUNCIL, INC.,

    Plaintiff,

- v. -

UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY,

    Defendant.

------------------------------------------------------------x

Civ. No. _____

08 CV 2443

MAR 11 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTORY STATEMENT

1.    Plaintiff Natural Resources Defense Council, Inc. ("NRDC") asserts violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, by defendant United States Environmental Protection Agency ("EPA"), for refusing to disclose responsive records concerning EPA's contacts, meetings, and communications with outside entities concerning ethylene bisdithiocarbamate ("EBDC") pesticides.

2.    EBDCs are pesticides of widespread public health concern. In 1992, EPA concluded that use of these pesticides poses unreasonable risks to human health and proposed to cancel all uses of EBDCs, under the Federal Insecticide, Fungicide, Rodenticide Act, 7 U.S.C. §§ 136, *et seq.* ("FIFRA"), unless manufacturers agreed to certain restrictions on the pesticides' use. One such restriction is that, in most states, EBDCs cannot be used on potatoes within 14 days of harvest (the "pre-harvest interval" or "PHI").

1

3. On July 11, 2007, EPA announced that, in response to a petition filed by a coalition of pesticide manufacturers – the "EBDC/ETU Task Force" – EPA would initiate proceedings to reduce the length of the required PHI from 14 days to 3 days.

4. To uncover information relating to EPA's proposed reversal of this long-standing safety measure restricting the use of EBDCs on potatoes nationwide, NRDC submitted a FOIA request to EPA on December 13, 2007. NRDC's request seeks records reflecting or relating to EPA's contacts, meetings, or communications with pesticide manufacturers and other outside entities relating to EBDCs, from August 18, 2003 – one week before the EBDC/ETU Task Force filed its petition – until the present.

5. EPA has failed to provide NRDC with an adequate response to its request.

6. In addition, as a non-profit advocacy organization seeking information that will contribute significantly to the public's understanding of an important food safety matter of national relevance, NRDC is entitled under FOIA to a waiver of EPA's search and production fees with respect to this request. NRDC sought a fee waiver from EPA in connection with its December 13, 2007 FOIA request. By letter dated December 28, 2007, EPA denied NRDC's fee waiver request. NRDC filed a timely appeal of this fee waiver denial on January 25, 2008. EPA has failed to respond to that appeal within the time period required by statute.

7. NRDC seeks a declaration that EPA has violated FOIA by refusing to disclose responsive records and an injunction ordering EPA to provide those records. NRDC also seeks a declaration that, pursuant to FOIA, NRDC is entitled to a fee waiver from EPA in connection with its December 13, 2007 FOIA request.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over this action, and venue is proper in this district, pursuant to 5 U.S.C. § 552(a)(4)(B), because Plaintiff maintains its principal place of business in this district. This Court may award Plaintiff declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## PARTIES

9.   Plaintiff NRDC is a national, not-for-profit membership corporation with its principal place of business in New York, New York. Founded in 1970, NRDC represents more than 420,000 members nationwide. NRDC's membership and staff of lawyers, scientists, and other environmental specialists have a longstanding interest in pesticide regulation and public health issues, and have been involved in advocacy regarding the adverse public health and environmental impacts of pesticides for decades.

10.  NRDC routinely uses FOIA to obtain information from federal agencies, which NRDC's legal and scientific experts analyze in order to inform its members and the public about a variety of issues, including endangered species, drinking water quality, energy policy, urban air pollution, pesticide regulation, climate change, and nuclear weapons. NRDC regularly conveys important information to its members and the public by way of publications and press releases, as well as by releasing to the public information and documents obtained through FOIA requests.

11.  NRDC brings this action on its own behalf and on behalf of its members. NRDC and its members have been and continue to be injured by EPA's failure to provide responsive records and failure to grant a fee waiver for this FOIA request. The requested relief will redress these injuries.

12. Defendant EPA is a federal agency within the meaning of FOIA and has possession or control of records that NRDC seeks in this action.

## STATUTORY FRAMEWORK

13. FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies. 5 U.S.C. §§ 552(a)(3)(A); 552(b). These exemptions are narrowly construed, and the agency bears the burden of establishing the applicability of each exemption as to each document for which it is claimed.

14. Upon receiving a FOIA request, an agency has twenty working days to respond by determining whether responsive documents exist and whether the agency will release them. *Id.* § 552(a)(6)(A)(i). If the agency denies the FOIA request, the requester is entitled to appeal the determination within thirty calendar days. 40 C.F.R. § 2.104(j). FOIA requires the agency to make a determination with respect to an appeal within twenty working days. 5 U.S.C. § 552(a)(6)(A)(ii).

15. FOIA does not permit an agency to delay an initial response or an appeal determination for longer than ten working days past the statutory deadline, and then only if the agency can demonstrate that it faces "unusual circumstances." *Id.* § 552(a)(6)(B). "Unusual circumstances" include the need to search for and collect requested documents from other offices, the need to appropriately examine a voluminous amount of separate and distinct records, and the need to consult with another agency. *Id.* § 552(a)(6)(B)(iii)(I-III).

16. A requester is entitled to a waiver of fees associated with responding to a FOIA request when the information sought "is likely to contribute significantly to public understanding

of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

17.　When an agency denies, in whole or in part, a request for records under FOIA, the agency must make a "reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request." *Id.* § 552(a)(6)(F).

18.　FOIA expressly provides that a requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions" governing its response to a FOIA request or an appeal. *Id.* § 552(a)(6)(C).

## STATEMENT OF FACTS

### A.　EPA's Proposed Reversal of EBDC 14-Day PHI

19.　EPA published a Notice of Intent to Cancel the registrations of EBDC pesticides on March 2, 1992, based on findings that human exposure to EBDCs through residues on food and by other means poses unreasonable risks to human health, and especially children's health. *See* 57 Fed. Reg. 7,484 (Mar. 2, 1992).

20.　Following publication of the Notice of Intent to Cancel, EPA negotiated with pesticide manufacturers a voluntary cancellation of a number of EBDC uses, only allowing continued EBDC use subject to certain restrictions. For EBDC pesticides to remain registered for use on potatoes, EPA required that pesticide manufacturers agree to maximum application rates, a maximum number of applications per season, an application interval, and a PHI. EPA required that the PHI for most states be set at 14 days, although EPA allowed the PHI to be set at 3 days for 13 states where it found that EBDC use would produce social and economic benefits by helping to combat "late blight" potato fungus.

21. In 1996, a coalition of pesticide manufacturers – the EBDC/ETU Task Force – petitioned to reduce the PHI for EBDCs to 3 days in all states. The Task Force renewed its petition on August 25, 2003.

22. On July 11, 2007, EPA published a Notice of Hearing on Request to Reduce Pre-Harvest Interval (PHI) for EBDC Fungicides on Potatoes, EPA-HQ-OPP-2007-0181, "to announce that EPA has determined that the petition requesting a modification of the cancellation order has merit and to announce an opportunity for a hearing." 72 Fed. Reg. 37,771 (July 11, 2007).

**B.    NRDC's FOIA Request**

23. On December 13, 2007, NRDC submitted a FOIA request to EPA, requesting all records reflecting or relating to any contacts, meetings, or communications with pesticide registrants and other outside entities or individuals concerning EBDCs or pesticide products containing EBDC (including, but not limited to, the pesticides mancozeb, maneb, and metiram). The request specifically included, but was not limited to, the following:

> (a) All records reflecting or relating to any contacts, meetings, or communications with the following entities or individuals: (1) the EBDC/ETU Task Force, its agents, or its attorneys; (2) the National Potato Council, its agents, or its attorneys; (3) attorneys or other employees of the law firm of McDermott, Will, & Emery; (4) Dow AgroSciences, its agents, or its attorneys; (5) DuPont, its agents, or its attorneys; (6) Griffin Corporation, its agents, or its attorneys; (7) Cerexagri, its agents, or its attorneys; and (8) BASF, its agents, or its attorneys.
>
> (b) All records reflecting or relating to any contacts, meetings, or communications with outside entities or individuals concerning the matter of Request to Reduce

    Pre-Harvest Interval (PHI) for EBDC Fungicides on Potatoes, EPA-HQ-OPP-2007-0181.

  24. NRDC's December 13, 2007 FOIA request defined the term "records" to "mean anything denoted by the use of that word or its singular form in the text of FOIA. In particular, the term includes, but is not limited to, all writings (handwritten, typed, electronic, or otherwise produced, reproduced, or stored) including, but not limited to, correspondence, minutes of meetings, memoranda, notes, e-mails, notices, facsimiles, charts, tables, presentations, orders, and filings."

  25. NRDC's December 13, 2007 FOIA request to EPA also included a request that EPA waive the fee that it would otherwise charge to search for and produce responsive records. NRDC claimed entitlement to a fee waiver pursuant to FOIA because "disclosure of the information is in the public interest[,] because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of NRDC. 5 U.S.C. § 552(a)(4)(A)(iii). NRDC provided EPA with material substantiating its entitlement to a fee waiver for its request.

## C. EPA's Denial of NRDC's Fee Waiver Request

  26. By letter dated December 28, 2007, EPA denied NRDC's fee waiver request. The purported reason for the denial was that "the material requested is not in the public interest because it is not likely to contribute significantly to public understanding of government operations or activities." EPA's December 28, 2007 letter did not provide any additional explanation for the denial.

27. NRDC filed a timely administrative appeal of the fee waiver denial on January 25, 2008. Attached to this appeal, NRDC provided EPA with additional material substantiating its entitlement to a fee waiver for this request.

28. EPA has not responded to NRDC's January 25, 2008 appeal.

**D.** **NRDC's Entitlement to a Fee Waiver**

29. NRDC's December 13, 2007 FOIA request seeks information about how EPA evaluates the safety of EBDC pesticides and how EPA relies on advice and information from outside entities to conduct this evaluation.

30. NRDC is requesting only records that are not already publicly available, and that are thus likely to be meaningfully informative about EPA's administration of FIFRA with respect to pesticide products containing EBDC.

31. Information about the process of EPA's administration of FIFRA with respect to pesticide products containing EBDC is likely to contribute to the public's understanding of EPA operations and activities.

32. NRDC publishes multiple publications relating to pesticide and environmental issues that are delivered to hundreds of thousands of readers, and has a long track record of widely disseminating information obtained through FOIA, through national and local news media, published reports, press statements, and otherwise.

33. NRDC's December 13, 2007 FOIA request seeks documents that would contribute significantly to the public's understanding of an important food safety matter of national relevance: EPA's decision to reverse itself on the question of whether a 14-day PHI for EBDC use on potatoes is necessary to protect human health. The basis for EPA's proposed reversal, and the extent to which EPA has been influenced in its decision by communications

with or lobbying by pesticide manufacturers or other outside entities, are matters of clear public interest.

34. As a non-profit organization that has spent over thirty years advocating for the development of wise federal environmental policies, NRDC routinely receives fee waivers under FOIA. NRDC's interest in obtaining the requested materials is to disseminate newsworthy information to the public, free of charge, as well as to use the information in its ongoing efforts to advocate for meaningful enforcement of FIFRA with respect to both EBDCs and other pesticides.

E.  **EPA's Failure to Provide an Adequate Response to NRDC's FOIA Request**

35. Under FOIA and EPA regulations, EPA was obligated to respond to NRDC's December 13, 2007 FOIA request on or before January 14, 2008.

36. On January 15, 2008, EPA provided NRDC with six documents responsive to NRDC's December 13, 2007 FOIA request. The documents were provided with a cover letter, which explained that EPA had not completed its search, was not yet in a position to provide a complete response, and that EPA's response time would "greatly exceed" the 20 business-day period required by FOIA.

37. To date, other than the December 28, 2007 letter regarding NRDC's fee waiver request, and the January 15, 2008 letter attaching six responsive documents, EPA has not responded in writing to NRDC's December 13, 2007 FOIA request. Neither the December 28, 2007 letter nor the January 15, 2008 letter purported to provide NRDC with a final response or determination of NRDC's December 13, 2007 FOIA request that would be subject to administrative appeal. *See* 40 C.F.R. § 2.104(h).

38. EPA has not informed NRDC of the number of documents in EPA's possession that are responsive to NRDC's December 13, 2007 FOIA request. Other than the six documents produced on January 15, 2008, EPA has not produced any documents nor asserted that any documents are being withheld under one of the FOIA exemptions.

## CLAIM FOR RELIEF

39. Plaintiff realleges and incorporates the allegations of all the preceding paragraphs of this Complaint as if fully set forth herein.

40. By failing to provide all records responsive to NRDC's December 13, 2007 FOIA request, EPA has violated FOIA's mandate to release agency records to the public. 5 U.S.C. § 552(a)(6).

41. Under FOIA, EPA is required to grant NRDC's request for a fee waiver with respect to its December 13, 2007 FOIA request, because the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

42. NRDC is entitled to obtain the requested records immediately at no cost.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter a judgment:

(1) declaring that Defendant has violated FOIA by failing to provide all records responsive to Plaintiff's FOIA request;

(2) ordering that Defendant make all the requested records available to Plaintiff at no cost within twenty days;

(3) awarding Plaintiff its litigation costs and reasonable attorneys' fees in this action; and

(4) ordering such other relief as the Court may deem just and proper.

Dated: March 11, 2008
New York, NY

Respectfully submitted,

*Nancy S Marks*

Nancy S. Marks
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
Phone: (212) 727-2700
Fax: (212) 727-1773

Thomas Cmar
Natural Resources Defense Council
1200 New York Ave., N.W., Ste. 400
Washington, DC 20005
Phone: (202) 289-2405
Fax: (202) 289-1060

Counsel for Plaintiff