UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                          :
NATURAL RESOURCES DEFENSE                 :
COUNCIL, INC.,                            :        08 Civ. 2443 (DLC)
                                          :
              Plaintiff,                  :        ECF Case
                                          :
       - v. -                             :
                                          :
UNITED STATES ENVIRONMENTAL               :
PROTECTION AGENCY,                        :
                                          :
              Defendant.                  :
------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
GRANTING PUBLIC INTEREST FEE WAIVER**


Thomas Cmar
NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Ave., N.W., Ste. 400
Washington, DC  20005
Phone:  (202) 289-2405
Fax:  (202) 289-1060

Nancy S. Marks
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY  10011
Phone:  (212) 727-2700
Fax:  (212) 727-1773

Counsel for Plaintiff

# TABLE OF CONTENTS

**Page**

INTRODUCTORY STATEMENT ................................................................................... 1

STANDARD OF REVIEW ............................................................................................ 1

LEGAL BACKGROUND .............................................................................................. 2

    A.   The Freedom of Information Act ................................................................. 2

    B.   FOIA Public Interest Fee Waivers ............................................................. 3

STATEMENT OF FACTS ............................................................................................. 4

    A.   NRDC FOIA Request to EPA and Request for Fee Waiver........................ 4

    B.   EPA Denial of Fee Waiver .......................................................................... 5

    C.   NRDC Administrative Appeal and Lack of Response ................................ 5

ARGUMENT ................................................................................................................ 7

    A.   NRDC Is a Non-Commercial Requester, Entitled to Liberal Construction of the FOIA Fee Waiver Provision in Its Favor ....................................................... 8

    B.   NRDC Is Entitled to a Public Interest Fee Waiver. ......................................... 9

        1.   NRDC's FOIA Request Specifically Concerns Government Operations.................... 10

        2.   NRDC Will Disseminate Newsworthy Information Obtained from Its FOIA Request to a Reasonably Broad Audience of Persons……………………………………………..11

        3.   The Records Sought by NRDC's FOIA Request Are Likely to Contribute, and Contribute Significantly, to Public Understanding of EPA's Regulation of EBDCs ... 12

CONCLUSION................................................................................................................ 17

## TABLE OF AUTHORITIES

### Cases

Campbell v. U.S. Dep't of Justice,
164 F.3d 20 (D.C. Cir. 1999) ......................................................................................... 16

Carney v. U.S. Dep't of Justice,
19 F.3d 807 (2d Cir. 1994) ................................................................................. 1, 3, 14, 15

Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Health & Human Svcs.,
481 F. Supp. 2d 99 (D.D.C. 2006) ........................................................ 10, 11, 14, 16, 17

Cmty. Legal Svces. v. U.S. Dep't of Housing & Urban Dev.,
405 F. Supp. 2d 553 (E.D. Pa. 2005) ..................................................................... 12, 15

Dep't of Air Force v. Rose,
425 U.S. 352 (1976) ........................................................................................................ 3

Eagle v. Dep't of Commerce,
No. C 01-20591 (JF) (PVT), 2003 WL 21402534 (N.D. Cal. Apr. 28, 2003) ............................ 15

EPA v. Mink,
410 U.S. 73 (1973) .......................................................................................................... 2

Forest Guardians v. U.S. Dep't of Interior,
416 F.3d 1173 (10th Cir. 2005) ............................................................................. 2, 10, 15

Friends of the Coast Fork v. U.S. Dep't of Interior,
110 F.3d 53 ............................................................................................................ 3, 9, 14

Grand Cent. P'ship, Inc. v. Cuomo,
166 F.3d 473 (2d Cir. 1999) ............................................................................................ 2

In Defense of Animals v. Nat'l Insts. of Health,
--- F. Supp. 2d ---, Civ. No. 04-1571 (CKK),
2008 WL 1708413 (D.D.C. Apr. 14, 2008) ..................................................... 11, 14, 15

Inst. for Wildlife Prot. v. U.S. Fish & Wildlife Serv.,
290 F. Supp. 2d 1226 (D. Or. 2003) ............................................................................ 8, 9, 15

John Doe Agency v. John Doe Corp.,
493 U.S. 146 (1989) ........................................................................................................ 2

Judicial Watch, Inc. v. Rossotti,
326 F.3d 1309 (D.C. Cir. 2003) ............................................................................. passim

Judicial Watch, Inc. v. U.S. Dep't of Energy,
310 F. Supp. 2d 271 (D.D.C. 2004) ............................................................................ 8

Judicial Watch, Inc. v. U.S. Dep't of Transp.,
Civ. No. 02-566 (SBC), 2005 WL 1606915 (D.D.C. July 7, 2005) ................................ 11, 12, 16

McClellan Ecological Seepage Situation v. Carlucci,
835 F.2d 1282 (9th Cir. 1987) .................................................................................... 2

Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.,
437 U.S. 214 (1978)..................................................................................................... 2

Project on Military Procurement v. Dep't of Navy,
710 F. Supp. 362 (D.D.C. 1989) ............................................................................ 10, 14, 17

U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,
489 U.S. 749 (1989)..................................................................................................... 2

U.S. Dep't of Justice v. Tax Analysts,
492 U.S. 136 (1989) .................................................................................................... 3

Vaughn v. Rosen,
484 F.2d 820 (D.C. Cir. 1973) .................................................................................... 3

## Statutes

5 U.S.C. § 552............................................................................................... 1, 3, 4, 7

7 U.S.C. § 136............................................................................................... 10

## Rules

40 C.F.R. § 2.107 ......................................................................................... passim

## Other Authorities

U.S. Dep't of Justice, Freedom of Information Act Guide: Fees and Fee Waivers (2004)
at http://www.usdoj.gov/oip/fees.htm (last visited May 8, 2008) ………………………………14

## INTRODUCTORY STATEMENT

This case concerns a request filed by Plaintiff Natural Resources Defense Council ("NRDC") under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), for records from Defendant United States Environmental Protection Agency ("EPA") reflecting or relating to EPA's contacts, meetings, or communications with pesticide manufacturers and other outside entities regarding a particular family of regulated pesticides, the ethylene bisdithiocarbamates ("EBDCs"). As demonstrated below and in the accompanying Declaration of Aaron Colangelo, dated May 29, 2008 ("Colangelo Decl."), NRDC seeks information from EPA in order to shed light on the role that pesticide manufacturers and other outside parties played in EPA decisions regarding the regulation of EBDCs and to disseminate any newsworthy information to the public.

As a non-commercial requester seeking documents that are likely to contribute significantly to public understanding of EPA activities, NRDC is entitled under FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and the applicable EPA implementing regulation, 40 C.F.R. § 2.107(*l*)(1), to a public interest fee waiver on this FOIA request. EPA unlawfully denied NRDC's fee waiver request, however, and has refused to perform any further work to search for or provide records in response to NRDC's FOIA request until the fee issue is resolved. Accordingly, NRDC now respectfully moves for partial summary judgment granting NRDC a public interest fee waiver.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FOIA provides that this Court's review of an agency decision to deny a public interest fee waiver is *de novo* and is "limited to the record before the agency." 5 U.S.C. § 552(a)(4)(A)(vii); <u>Carney v. U.S. Dep't of Justice</u>, 19 F.3d 807, 814 (2d Cir. 1994).

The administrative record for a FOIA fee waiver determination "consists of, *inter alia*, the initial FOIA request, the agency's response, and any subsequent materials related to the administrative appeal." Forest Guardians v. U.S. Dep't of Interior, 416 F.3d 1173, 1177 (10th Cir. 2005). In amending FOIA to include this fee waiver provision, Congress intended that "it be 'liberally construed in favor of waivers for noncommercial requesters.'" Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (quoting McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282, 1284 (9th Cir. 1987)).

## LEGAL BACKGROUND

### A.    The Freedom of Information Act

FOIA was designed to protect citizens' "right to be informed about what their Government is up to." U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989) (internal quotations omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). The statute was intended "to permit access to official information long shielded unnecessarily from public view and . . . to create a judicially enforceable public right to secure such information from possibly unwilling official hands." EPA v. Mink, 410 U.S. 73, 80 (1973); see also Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999) ("FOIA was enacted to promote honest and open government and to assure the existence of an informed citizenry.").

As the Supreme Court has recognized, FOIA reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (internal citations and quotations

2

omitted); see also U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 151 (1989).  Specifically,

once a record responsive to a FOIA request is identified, FOIA requires an agency to make the

record "promptly available" to the requester, 5 U.S.C. § 552(a)(3), unless the record is exempt

from disclosure under one of the Act's nine narrow exemptions.  5 U.S.C. § 552(b); Vaughn v.

Rosen, 484 F.2d 820, 823 (D.C. Cir. 1973).  These exemptions "do not obscure the basic policy

that disclosure, not secrecy, is the dominant objective of the Act."  Dep't of Air Force v. Rose,

425 U.S. 352, 361 (1976).

**B.    FOIA Public Interest Fee Waivers**

Although FOIA permits agencies to charge search and duplication fees to requesters, it

provides that fees shall be waived or reduced "if disclosure of the information is in the public

interest because it is likely to contribute significantly to public understanding of the operations or

activities of the government and is not primarily in the commercial interest of the requester."

5 U.S.C. § 552(a)(4)(A)(iii); see also 40 C.F.R. § 2.107(*l*) (EPA fee waiver regulation).  Courts

interpreting the FOIA public interest fee waiver provision have held that the burden is on the

requester to establish entitlement to a fee waiver, but that the requester satisfies its burden by

presenting the agency with a "reasonably specific" and "non-conclusory" showing that the

requested disclosure is in the public interest.  Judicial Watch, 326 F.3d at 1310-15; accord

Friends of the Coast Fork v. U.S. Dep't of Interior, 110 F.3d 53, 55 (9th Cir. 1997); Carney, 19

F.3d at 814-16.

FOIA requires that agencies provide a determination of a public interest fee waiver

request accompanying a FOIA request within 20 business days.  5 U.S.C. § 552(a)(6)(A)(i);

Judicial Watch, 326 F.3d at 1310.  An agency can extend this deadline by ten additional days, if

(and only if) the agency provides written notice setting out the basis for the "unusual

3

circumstances" necessitating such delay.  5 U.S.C. § 552(a)(6)(B).  If an agency denies a public

interest fee waiver request in whole or in part, the requester may appeal the denial

administratively.  Id. § 552(a)(6)(A)(ii); Judicial Watch, 326 F.3d at 1310.  If the agency does

not respond to the appeal within 20 business days, the requester has constructively exhausted its

administrative remedies and may challenge the denial in federal court.  See 5 U.S.C.

§§ 552(a)(6)(C)(i), 552(a)(6)(A)(ii); Judicial Watch, 326 F.3d at 1310-11.[1]

## STATEMENT OF FACTS

**A.    NRDC FOIA Request to EPA and Request for Fee Waiver**

NRDC is a non-profit environmental organization with over 420,000 members

nationwide.  Colangelo Decl. ¶ 2.  For over two decades, NRDC has actively participated in the

development, enforcement, and reform of pesticide laws and regulations, including those

governing EBDCs.  Id. ¶¶ 3-4.  Among other health concerns, NRDC has long warned that

widespread use of EBDCs could result in dangerously high levels of exposure to

ethylenethiourea ("ETU"), a carcinogenic chemical that is produced when EBDCs degrade or the

pesticides' residue on fruits or vegetables is digested by the human body.  Id. ¶ 4.

On December 13, 2007, NRDC sent a FOIA request to EPA for all records reflecting or

relating to any contacts, meetings, or communications with pesticide manufacturers and other

outside entities or individuals concerning EBDC and pesticide products containing EBDC

---

[1] Congress carefully set these time limits in the 1996 amendments to FOIA, balancing the
Executive Branch's ability to process requests with the public's need for timely disclosure of
agency records.  See, e.g., Gilmore v. Dep't of Energy, 33 F. Supp. 2d 1184, 1187 (N.D. Cal.
1998) ("When Congress [] extended the time limit [to 20 days] for responding to FOIA requests,
it continued to express concern that agencies were dragging their feet in responding to FOIA
requests[:]  '[M]any agencies have failed to process FOIA requests within the deadlines required
by law.  These delays in responding to FOIA requests continue as one of the most significant
FOIA problems.'") (quoting H. Rep. No. 104-795, at 13 (1996), reprinted in 1996 U.S.C.C.A.N.
3448, 3456).

(including, but not limited to, mancozeb, maneb, and metiram) since August 18, 2003.  Id. ¶ 5,

Ex. B.  NRDC requested a public interest fee waiver in connection with this request.  Id.  In

support of this fee waiver request, NRDC submitted exhibits demonstrating that EBDCs are

pesticides of widespread public health concern.  See id. Ex. B (FOIA request Exhibits A and B).

NRDC also submitted 37 attachments demonstrating NRDC's long track record of digesting and

disseminating information obtained through FOIA quickly and effectively, through its web site,

its own publications, major media outlets, and other public fora.  See id. Ex. B, Attachments 1

through 37.

**B.**     **EPA Denial of Fee Waiver**

By letter dated December 28, 2007, EPA denied NRDC's fee waiver request.  Id. ¶ 6,

Ex. C.  The stated reason for the denial was that "the material requested is not in the public

interest because it is not likely to contribute significantly to public understanding of government

operations or activities."  Id. Ex. C.  EPA's December 28, 2007 letter did not provide any

additional explanation for the denial.  See id.

**C.**     **NRDC Administrative Appeal and Lack of Response**

NRDC filed a timely administrative appeal of the fee waiver denial on January 25, 2008.

Id. ¶ 7, Ex. D.  Attached to the appeal, NRDC provided EPA with additional material

substantiating its entitlement to a fee waiver for its December 13, 2007 FOIA request.  See id.

Ex. D at Appendices C-K.

Several of these additional exhibits related to the matter of Request to Reduce Pre-

Harvest Interval (PHI) for EBDC Fungicides on Potatoes, EPA-HQ-OPP-2007-0181.  See id.

Ex. D at Appendices C-H.  More than fifteen years ago, EPA determined that EBDCs posed

unreasonable risks to human health – in particular, unreasonable cancer risks to children – when

used on potatoes within 14 days of harvest.  See id. Ex. D at 4-5, Appendix C (1992 notice of

intent to cancel).  In response to a petition by the pesticide industry, however, EPA recently

initiated an administrative proceeding to reverse its previous, health-protective determination.

See id. Ex. D at 4-5, Appendix D (July 2007 notice of intent to modify cancellation).  Further,

after NRDC appeared in the proceeding and requested a hearing before an Administrative Law

Judge ("ALJ"), EPA jointly filed a series of motions with the EBDC manufacturers, seeking to

narrow the scope of the ALJ's review of EPA's proposed weakening of safety standards for

EBDCs.  See id. Ex. D at 4-5, Appendices E-H (EPA/industry joint motions and NRDC replies).

NRDC also submitted exhibits in support of its administrative appeal regarding two

other, similar matters in which NRDC FOIA requests regarding EPA contacts, meetings, and

communications with pesticide manufacturers and other outside entities resulted in documents

that contributed significantly to public understanding of EPA operations and activities.  See id.

Ex. D at 5, Appendices I-K.  First, NRDC requested under FOIA records relating to EPA's

reversal of safety measures intended to protect children from exposure to rat poison – a situation

quite similar to EPA's reversal on EBDCs – and discovered that the reversal had been the result

of pesticide industry pressure.  See id. Ex. D at 5, Appendices I & J.  EPA documents revealing

the role played by third parties in that rat poison decision received significant news coverage and

were only made publicly available through a NRDC FOIA request, for which EPA properly

granted a fee waiver.[2]  See id. Ex. D at 5.

Second, NRDC requested under FOIA records relating to contacts, meetings, and

communications regarding the pesticide atrazine between the pesticide manufacturer Syngenta

---

[2] EPA's reversal of rat poison safety measures was struck down in part because of EPA's
unlawful reliance on the demands of the chemical industry to justify the change.  W. Harlem
Envtl. Action v. EPA, 380 F. Supp. 2d 289, 296 (S.D.N.Y. 2005).

(and its high-profile lobbyists, such as former Senator Bob Dole) and EPA and White House officials. See id. These records, which demonstrated the influence of industry pressure on EPA's decision to allow continued use of atrazine, only became publicly available because EPA released them to NRDC under FOIA pursuant to a properly granted fee waiver, and similarly received significant news coverage. See id. Ex. D at 5, Appendix K; see also id. Ex. B, Attachments 24-25.

Subsequent to filing its administrative appeal of EPA's fee waiver denial, NRDC did not receive any response from EPA regarding its December 13, 2007 FOIA request until after NRDC commenced this action against EPA on March 11, 2008. Id. ¶ 8.[3]

## ARGUMENT

NRDC is entitled to a public interest fee waiver for its December 13, 2007 FOIA request. First, NRDC is a non-commercial requester, and thus this Court should liberally construe FOIA's fee waiver provision in NRDC's favor. Second, the administrative record presented by NRDC in support of its fee waiver request establishes that release of the records responsive to NRDC's FOIA request is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii). Specifically, NRDC has demonstrated its entitlement to a fee waiver with respect to each element of the "public interest" analysis identified by EPA at 40 C.F.R. § 2.107(*l*).

---

[3] In connection with this motion, NRDC has submitted the documents constituting the administrative record of EPA's fee waiver decision. See Colangelo Decl. Exs. B-D. On April 25, 2008, EPA transmitted to NRDC, by electronic mail from Mr. Turner, its litigation counsel, a letter that purported to be a response to NRDC's administrative appeal. This letter, which was sent six weeks after NRDC commenced this litigation, is not properly part of the administrative record. See, e.g., Friends of the Coast Fork, 110 F.3d at 55 ("Our review is limited to the record before the agency, and this applies just as much to the reasons the agency offered for denial . . . . [O]n judicial review, the agency must stand on whatever reasons for denial it gave in the administrative proceeding.").

**A.    NRDC Is a Non-Commercial Requester, Entitled to Liberal Construction of the FOIA Fee Waiver Provision in Its Favor.**

In enacting the FOIA fee waiver provision, Congress intended that "it be 'liberally construed in favor of waivers for noncommercial requesters.'"  Judicial Watch, 326 F.3d at 1315; see also Judicial Watch, Inc. v. U.S. Dep't of Energy, 310 F. Supp. 2d 271, 291 (D.D.C. 2004) ("[T]he public interest exception should be viewed in an expansive manner."), rev'd in part on other grounds, 412 F.3d 125 (D.C. Cir. 2005); Inst. for Wildlife Prot. v. U.S. Fish & Wildlife Serv., 290 F. Supp. 2d 1226, 1232 (D. Or. 2003) ("Congress intended independent researchers, journalists, and public interest watchdog groups to have inexpensive access to government records in order to provide the type of public disclosure believed essential to our society.").

NRDC has absolutely no commercial interest that would be furthered by its December 13, 2007 FOIA request.  See 40 C.F.R. § 2.107(b)(1) (definition of "commercial use request").  As a non-profit, public interest environmental and public health organization, NRDC does not have any commercial, trade, or profit interest.  See id. § 2.107(*l*)(3)(i).  As stated in the FOIA request, "NRDC's interest in obtaining the requested materials is to serve the public interest by disclosing presently non-public information about the nature and extent of EPA contacts, meetings, and communications with pesticide registrants and other outside entities and individuals regarding EBDC risk, contamination, public health threats, and appropriate regulatory responses."  Colangelo Decl. Ex. B at 6-7; see also id. Ex. D at 5.  Accordingly, NRDC clearly qualifies as a non-commercial requester.  Thus, this Court should liberally construe the FOIA fee waiver provision in favor of NRDC's entitlement to a fee waiver in this case.  Judicial Watch, 326 F.3d at 1315.

**B.**     **NRDC Is Entitled to a Public Interest Fee Waiver.**

In amending the FOIA fee waiver provision to ensure that it be liberally construed in favor of non-commercial requesters, Congress intended that "when such requesters demonstrated a minimal showing of their legitimate intention to use the requested information in a way that contributes to public understanding of the operations of government agencies, no fee attaches to their request[s]." Inst. for Wildlife Prot., 290 F. Supp. 2d at 1232. If the reasons given by the agency during the administrative process for denying a fee waiver "are inadequate, and if the requesters meet their burden, then a full fee waiver is in order." Friends of the Coast Fork, 110 F.3d at 55; see also Judicial Watch, 326 F.3d at 1313-15.

EPA's FOIA fee waiver regulation identifies the following four elements as separate factors the agency will consider in determining whether disclosure of records is in the public interest:

> (1) "[w]hether the subject of the requested records concerns 'the operations or activities of the government'";
>
> (2) "[w]hether disclosure is 'likely to contribute' to an understanding of government operations or activities";
>
> (3) "[w]hether disclosure of the requested information will contribute to 'public understanding' . . . of a reasonably broad audience of persons interested in the subject"; and
>
> (4) "[w]hether the disclosure is likely to contribute 'significantly' to public understanding of government operations or activities."

40 C.F.R. § 2.107(*l*). NRDC's submissions to EPA in connection with its December 13, 2007 FOIA meet its burden of demonstrating entitlement to a fee waiver with respect to each of these factors.[4]

---

[4] The discussion below addresses the second factor – whether the disclosure is "likely to contribute" to an understanding of government operations or activities – and the fourth factor – whether the disclosure is likely to contribute "significantly" to public understanding of

1.    **NRDC's FOIA Request Specifically Concerns Government Operations or Activities.**

The subject of NRDC's FOIA request plainly concerns "the operations or activities of the government." See Colangelo Decl. Ex. B at 2-3, Ex. D at 2. The records sought "will inform the public on the nature and extent of [EPA] contacts, meetings, and communications with pesticide registrants and other outside entities and individuals regarding EBDC risk, contamination, public health threats, and appropriate regulatory responses." Id. Ex. B at 3. As NRDC explained in its administrative appeal,

> The operations or activities of the government at issue include:  EPA collection of data concerning whether pesticide products containing EBDC perform their intended function without unreasonable adverse effects on the environment, within the meaning of the Federal Insecticide Fungicide Rodenticide Act ("FIFRA"), 7 U.S.C. § 136a(c)(5)(C); EPA decisions, pursuant to FIFRA, regarding registration, reregistration, cancellation, and modification of cancellation of pesticide products containing EBDC; and EPA communications with outside parties regarding that collection of data and those decisions.  In other words, the FOIA request seeks information about how EPA evaluates the safety of these pesticides, and how EPA relies on advice and information from outside entities to conduct this evaluation.

Id. Ex. D at 2. Courts have repeatedly held that FOIA requests seeking agency contacts with outside parties satisfy this element of the public interest fee waiver analysis. See, e.g., Forest Guardians, 416 F.3d at 1178 (request seeking Bureau of Land Management lienholder agreements with financial institutions); Judicial Watch, 326 F.3d at 1313-14 (request seeking records relating to IRS Commissioner's relationship with private company); Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Health & Human Svcs., 481 F. Supp. 2d 99, 106-08 (D.D.C. 2006) [hereinafter CREW] (request seeking records reflecting contacts with

---

government or activities – in the same section (Part B.3 *infra*).  As courts have recognized, these two factors overlap significantly, and, at least in this case, this Court should consider them together.  See, e.g., Project on Military Procurement v. Dep't of Navy, 710 F. Supp. 362, 365 n.8 (D.D.C. 1989) (describing "these two criteria" as "hopelessly intertwined" and "address[ing] them jointly").

external public affairs firms).  NRDC's December 13, 2007 FOIA request is directly in line with

the FOIA requests reviewed in these cases.

>    2.    <u>NRDC Will Disseminate Newsworthy Information Obtained from Its FOIA
>          Request to a Reasonably Broad Audience of Persons.</u>

In evaluating whether a FOIA requester has demonstrated that the requested information

will contribute to "the public understanding of a reasonably broad audience of persons," courts

consider "the scope of the requester's proposed dissemination – whether to a large segment of

the public or a limited subset of persons, how the requester will convey the information to the

general public, and the request[e]r's capacity to effectively convey the information to the

public."  <u>In Defense of Animals v. Nat'l Insts. of Health</u>, --- F. Supp. 2d ---, Civ. No. 04-1571

(CKK), 2008 WL 1708413, at *23 (D.D.C. Apr. 14, 2008) (internal citations omitted); <u>see also</u>

<u>CREW</u>, 481 F. Supp. 2d at 113; <u>Judicial Watch, Inc. v. U.S. Dep't of Transp.</u>, Civ. No. 02-566

(SBC), 2005 WL 1606915, at *5 (D.D.C. July 7, 2005) [hereinafter <u>DOT</u>].

NRDC has the expertise, ability, and commitment to digest and disseminate information

obtained from its December 13, 2007 FOIA request to the general public.  <u>See</u> Colangelo Decl.

Ex. B at 3-5, Ex. D at 3-4.  For over two decades, NRDC's membership and staff of lawyers,

scientists and other environmental specialists have actively participated in the development,

enforcement, and reform of pesticide laws and regulations.  <u>Id.</u> ¶¶ 3-4; <u>see also</u> <u>id.</u> Exs. B & D.

In addition to its web site, which draws approximately 2.7 million page views and 800,000 visits

each month, NRDC publishes multiple publications on pesticides and other environmental and

public health issues, reaching an audience of hundreds of thousands.  <u>Id.</u> Ex. B at 3, Attachments

1-10.  NRDC also has a proven track record of conveying information to the public through other

media sources, such as radio, television, and major newspapers.  <u>See</u> <u>id.</u> Ex. B at 3-6,

Attachments 11-37; <u>see also</u> <u>id.</u> Ex. D at Appendices I-K.  As demonstrated in NRDC's FOIA

request and administrative appeal, this potential audience of hundreds of thousands, if not

millions, is not a "narrow segment of interested persons."  See id. Ex. B at 3-6, Ex. D at 3-4.

NRDC has specifically established an ability to disseminate similar information regarding EPA's

reliance on chemical industry input to reverse pesticide safety determinations in the past.  See id.

Ex. D at 5, Appendices I-K.

Further, to meet its burden of proof on this issue, NRDC need not "outline a specific plan

in addition to describing its methods of publication" or otherwise speculate on how it will

publicize information obtained under FOIA prior to receiving that information; to do so would

amount to "pointless specificity."  DOT, 2005 WL 1606915, at *5; accord Judicial Watch, 326

F.3d at 1314; Cmty. Legal Svces. v. U.S. Dep't of Housing & Urban Dev., 405 F. Supp. 2d 553,

556-58 (E.D. Pa. 2005).  Rather, by asserting the requisite intent to disseminate any newsworthy

information obtained from its request and demonstrating its capacity to do so, NRDC has

satisfied this element of the public interest fee waiver analysis.  See, e.g., Judicial Watch, 326

F.3d at 1314 (holding that non-profit with capacity to disseminate information similar to that of

NRDC satisfied this element by describing the methods available to it and stating that it intended

to use those methods to disseminate information obtained under FOIA).

### 3.    The Records Sought by NRDC's FOIA Request Are Likely to Contribute, and to Contribute Significantly, to Public Understanding of EPA's Regulation of EBDCs.

NRDC's December 13, 2007 FOIA request is both likely to contribute, and to contribute

significantly, to public understanding of EPA's regulation of EBDCs.  NRDC is only seeking

records that are not already publicly available.  See Colangelo Decl. Ex. B at 2, 6-7, Ex. D at 2-4.

In seeking presently non-public records reflecting or relating to EPA contacts, meetings, and

communications with pesticide registrants and other outside entities regarding EBDCs, NRDC

seeks to uncover information on the extent and nature of those contacts, meetings, and

communications, including whether industry and political pressure may have influenced EPA

decisions regarding these pesticides.  See id. Ex. D at 4-5.

These records are likely to contain meaningful information that will contribute

significantly to the public's understanding of EPA's regulation of EBDCs.  As described above,

EPA recently initiated an administrative proceeding to reverse a 1992 determination that EBDCs

posed unreasonable risks to human health – in particular, unreasonable cancer risks to children –

when used on potatoes within 14 days of harvest.  See id. Ex. D at 4-5, Appendices C-D; see also

id. Ex. B (FOIA request Exhibits A and B) (demonstrating that EBDCs are a pesticide of

widespread health concern).[5]  After NRDC appeared in the proceeding and requested a hearing

before an Administrative Law Judge ("ALJ"), EPA jointly filed a series of motions with the

chemical industry, seeking to narrow the scope of the ALJ's review.  See id. Ex. D

at Appendices E-H.  The circumstances surrounding EPA's reversal of its longstanding position

on the safety of EBDCs, and subsequent joint defense of that decision with the industry, suggest

that EPA has had extensive contacts, meetings, or communications with the industry on this

issue.

Indeed, NRDC has previously obtained records from EPA under FOIA on two other,

similar FOIA requests relating to different pesticides – rat poison and atrazine – both of which

uncovered evidence that industry pressure had influenced EPA decisionmaking.  See id. Ex. D

at 5, Appendices I-K; see also id. Ex. B, Attachments 24-25.  In response to both the rat poison

and atrazine FOIAs, EPA properly granted NRDC a fee waiver, and NRDC subsequently

---

[5] As NRDC noted in its administrative appeal, "this administrative proceeding . . . has public
health implications for anyone who consumes potatoes grown in the United States.  A final
decision reversing EPA's previous restrictions on EBDC fungicides would increase the public's
risk of harm from dietary exposure to these pesticides and their metabolites."  Colangelo Decl.
Ex. D at 4.

disseminated the information obtained to garner extensive news coverage and public interest. See id.

Although EPA is no doubt disinclined to grant NRDC a public interest fee waiver that would allow NRDC to uncover potentially embarrassing information about EPA activities, NRDC has made a reasonably specific, non-conclusory showing here, which is all that FOIA requires to show entitlement to a fee waiver.  Judicial Watch, 326 F.3d at 1310-15; see also Friends of the Coast Fork, 110 F.3d at 55; Carney, 19 F.3d at 814-16.  Under FOIA, "[a] fee waiver request should be evaluated on the face of the request and the reasons given by the requester in support of the waiver," Carney, 19 F.3d at 815,[6] and without reference to any extra-record considerations, such as the agency's opinion regarding whether the requested records are exempt from disclosure, id. at 815 (citing Project on Military Procurement v. Dep't of Navy, 710 F. Supp. 362, 367 (D.D.C. 1989)), or whether the information in the records "is 'important' enough to be made public," U.S. Dep't of Justice, Freedom of Information Act Guide: Fees and Fee Waivers (2004) (citing Ettlinger v. FBI, 596 F. Supp. 867, 875 (D. Mass. 1984)), at http://www.usdoj.gov/oip/fees.htm (last visited May 8, 2008).  Thus, it is irrelevant to EPA's fee waiver determination here whether, in the agency's view, the records requested actually contain any evidence that EPA was improperly influenced by outside entities.  Judicial Watch, 326 F.3d at 1313-14.  Rather, "the question here is . . . whether disclosure of the requested documents is likely to contribute to public understanding of [agency] operations – a goal that disclosure will promote regardless of what the documents reveal."  Id. at 1314; see also CREW, 481 F. Supp. 2d at 109 ("[T]he informative value of a request depends not on there being certainty of what the

---

[6] See also In Defense of Animals, 2008 WL 1708413, at *23 (in reviewing whether a request is likely to contribute to public understanding of agency activities, court should "consider the objectives and reasons given by the requester in support of the waiver").

documents will reveal, but rather on the requesting party having explained with reasonable specificity how those documents would increase public knowledge of the functions of the government."); Cmty. Legal Svces., 405 F. Supp. 2d at 559 ("Even if no impropriety is eventually found, the public is likely to benefit from this information.").[7]

Under FOIA, federal agencies are required to grant public interest fee waivers to non-profit or academic researchers such as NRDC upon a showing that the researcher plans to review a large cross-section of agency records, use its expertise to digest their contents, and disseminate to the public any meaningful new information culled from the request. See, e.g., Forest Guardians, 416 F.3d at 1181 (granting fee waiver based on requester's showing that it would synthesize information and make it available to the public in a manner "qualitatively different from and exponentially greater than the existing availability of the information"); Eagle v. Dep't of Commerce, No. C 01-20591 (JF) (PVT), 2003 WL 21402534, at *5 (N.D. Cal. Apr. 28, 2003) (granting fee waiver to researcher whose project was "to review, synthesize, and supplement [publicly available agency] information to provide a resource that did not otherwise exist"); see also Carney, 19 F.3d at 814-15; In Defense of Animals, 2008 WL 1708413, at *25; Inst. for Wildlife Prot., 290 F. Supp. 2d at 1232. Although there is some information already publicly available relating to EPA's regulation of EBDCs, "there has been no comparable report

---

[7] Cf. Forest Guardians, 416 F.3d at 1176 n.5, 1179-81. In Forest Guardians, the Tenth Circuit granted a public interest fee waiver on a FOIA request seeking, inter alia, "collateral assignments" of permits to graze livestock on federal lands and letters to and from the Bureau of Land Management ("BLM") regarding this practice. Id. at 1176 n.5. In granting the fee waiver, the Tenth Circuit found persuasive a statement by the requester, Forest Guardians, that "it hopes to inform the public about the extent of the program and the possible influence of the lending industry on the BLM's land management policies." Id. at 1180. The court also noted that a prior, broader FOIA request by the same group, which sought "correspondence between BLM and financial/lending institutions concerning grazing on BLM lands," presented an even clearer case for a fee waiver, in that "it would be easier for Forest Guardians to demonstrate the significant contribution of the release of such correspondence." Id. at 1180 n.9.

specifically addressing what [NRDC] seeks to discover from the requested documents." <u>CREW</u>, 481 F. Supp. 2d at 117.  In making this FOIA request, NRDC seeks to fill this void by providing independent analysis of currently undisclosed agency records and conveying that analysis and those records to the public, as described above.  <u>See</u> Colangelo Decl. Ex. B at 3-5, Ex. D at 3-4. Under these circumstances, the focus of NRDC's FOIA request favors a public interest fee waiver here.  <u>See</u> <u>Judicial Watch</u>, 326 F.3d at 1314-15 (granting fee waiver where requester "seeks considerably more" records than were already public); <u>CREW</u>, 481 F. Supp. 2d at 117 (granting fee waiver where requester "seeks to analyze all pertinent" records relating to agency contacts with outside entities on a particular issue); <u>DOT</u>, 2005 WL 1606915, at *5 (granting fee waiver where "[n]othing in the record suggests that the detailed information requested . . . was already in the public domain").[8]

EPA may claim that NRDC's FOIA request is too broad, in that it sweeps in records that EPA may claim are "routine" or "administrative" in nature, and thus not significant enough to the general public to warrant a fee waiver.  As noted above, however, such an argument would be improper:  an agency may not rely on extra-record considerations, such as its own view of the importance of the documents, in denying a fee waiver.  <u>See</u> <u>supra</u> at 14.  As long as the records sought contain "meaningful information about operations of the government," then "[i]t is immaterial whether the documents are routine" or "pertain[] to administrative matters."  <u>CREW</u>, 481 F. Supp. 2d at 112-13.  Courts have properly rejected similar arguments in analogous cases. <u>See</u> <u>Campbell v. U.S. Dep't of Justice</u>, 164 F.3d 20, 36 (D.C. Cir. 1999) ("the presence of administrative material within files that also contain substantive documents does not justify

---

[8] Further, NRDC is not seeking all EPA records concerning EBDCs, but only those reflecting or relating to contacts, meetings, or communications with pesticide registrants and outside entities since August 18, 2003.  Colangelo Decl. ¶ 5, Ex. B.

charging fees for copying the non-substantive clutter"); <u>CREW</u>, 481 F. Supp. 2d at 113 (where

the requester "has demonstrated a legitimate public interest in understanding the activities of . . .

a government agency," the agency's "view that there is nothing to be gained from information

about 'standard, routine operations' is irrelevant"); <u>Project on Military Procurement</u>, 710

F. Supp. at 366 (rejecting as "unsubstantiated" agency's argument that "there is no public benefit

to be derived" from FOIA request).

Accordingly, because the records sought by NRDC will shed light on whether EPA was

subject to improper industry or political influence in its contacts, meetings, and communications

with outside entities regarding EBDCs, this Court should find that NRDC's December 13, 2007

FOIA request is "likely to contribute," and to contribute "significantly," to public understanding

of EPA's regulation of EBDCs.

## <u>CONCLUSION</u>

For the reasons set forth above, NRDC respectfully urges the Court to grant its motion for

partial summary judgment, and to direct EPA to grant NRDC a public interest fee waiver with

respect to NRDC's December 13, 2007 FOIA request.

Dated: June 3, 2008
      Washington, DC           Respectfully submitted,


        _s/_____
        Thomas Cmar
        NATURAL RESOURCES DEFENSE COUNCIL
        1200 New York Ave., N.W., Ste. 400
        Washington, DC  20005
        Phone:  (202) 289-2405
        Fax:  (202) 289-1060

        Nancy S. Marks
        NATURAL RESOURCES DEFENSE COUNCIL
        40 West 20th Street
        New York, NY  10011

Phone:  (212) 727-2700
Fax:  (212) 727-1773

Counsel for Plaintiff