UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
NATURAL RESOURCES DEFENSE                                :
COUNCIL, INC.,                                           :    08 Civ. 2443 (DLC)
                                                         :
          Plaintiff,                                     :    ECF Case
                                                         :
     - v. -                                              :
                                                         :
UNITED STATES ENVIRONMENTAL                              :
PROTECTION AGENCY,                                       :
                                                         :
          Defendant.                                     :
---------------------------------------------------------x


**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Thomas Cmar
NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Ave., N.W., Ste. 400
Washington, DC  20005
Phone:  (202) 289-2405
Fax:  (202) 289-1060

Nancy S. Marks
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY  10011
Phone:  (212) 727-2700
Fax:  (212) 727-1773

Counsel for Plaintiff

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………………………...1

ARGUMENT……………………………………………………………………………………...2

I.    The Court Should Not Consider EPA's *Post Hoc* Litigation Defense of the Fee Waiver Denial. ................................................................................................................................. 2

II.    EPA's *Post Hoc* Defense Ignores the Applicable Standard of Review and Mischaracterizes NRDC's FOIA Request. ....................................................................................................... 4

III.   NRDC is Entitled to a Fee Waiver on This FOIA Request. ............................................... 14

CONCLUSION............................................................................................................................ 16

i

**TABLE OF AUTHORITIES**

**CASES**

Am. Fed. Gov't Emp'ees, Local 2782 v. U.S. Dep't of Commerce, 632 F. Supp. 1272
 (D.D.C. 1986)……………………………………………………………………...13-14

Camp v. Pitts, 411 U.S. 138 (1973)…………………………………………………………….3

Carney v. U.S. Dep't of Justice, 19 F.3d 807 (2d Cir. 1994)….…………………………….5, 10

Center for Biological Diversity v. Office of Mgmt. & Budget, No. C 07-04997 (MHP),
 2008 WL 686102 (N.D. Cal. Mar. 13, 2008)……………………………………………12

Citizens for Responsibility & Ethics in Washington, 481 F. Supp. 2d 99 (D.D.C. 2006)
 …………………………………………………………………………..8-9, 10, 11, 12, 15

Cmty. Legal Servs. v. U.S. Dep't of Housing & Urban Dev., 405 F. Supp. 2d 553
 (E.D. Pa. 2005)……………………………………………………………………5, 11, 13

D.C. Tech. Assistance Org. v. U.S. Dep't of Housing & Urban Dev., 85 F. Supp. 2d 46
 (D.D.C. 2000)……………………………………………………….………………13, 14

Eagle v. Dep't of Commerce, No. C 01-20591 (JF) (PVT), 2003 WL 21402534
 (N.D. Cal. Apr. 28, 2003)………………………………………………………………..10

Florida Power & Light Co. v. Lorion, 470 U.S. 729 (1985)……………………………………3

Forest Guardians v. U.S. Dep't of Interior, 416 F.3d 1173 (10th Cir. 2005)………………..10, 11

Friends of the Coast Fork v. U.S. Dep't of Interior, 110 F.3d 53 (9th Cir. 1997)…………...2, 3

In Defense of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 83 (D.D.C. 2008)…………5, 10

Inst. for Wildlife Prot. v. U.S. Fish & Wildlife Serv., 290 F. Supp. 2d 1226 (D. Or. 2003).4, 5, 14

Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309 (D.C. Cir. 2003)……….………4, 5, 10, 11, 15

Judicial Watch, Inc. v. U.S. Dep't of Energy, 310 F. Supp. 2d 271 (D.D.C. 2004),
 rev'd in part on other grounds, 412 F.3d 125 (D.C. Cir. 2005)………………………...4, 9

Judicial Watch, Inc. v. U.S. Dep't of Transp., Civ. No. 02-566 (SBC), 2005 WL 1606915
 (D.D.C. July 7, 2005)…………………………………………………………………..2, 10

Landmark Legal Found. v. IRS, No. 97-1474, 1998 WL 762353 (D.D.C. Sept. 22, 1998)………3

McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282 (9th Cir. 1987)…………..13

Motor Vehicle Mfrs' Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29 (1983)……………..3

Pederson v. Resolution Trust Corp., 847 F. Supp. 851 (D. Colo. 1994)……………………...5, 13

Project on Military Procurement, 710 F. Supp. 362 (D.D.C. 1989) ……………………………..9

Van Fripp v. Parks, 97 Civ. 159 (RMU), 2000 U.S. Dist. LEXIS 20158
    (D.D.C. Mar. 16, 2000)……………………………………………………………13, 14

VoteHemp, Inc. v. Drug Enforcement Agency, 237 F. Supp. 2d 55 (D.D.C. 2002)…….11, 12, 13

**STATUTES**

5 U.S.C. § 552(a)(4)(A)(vii)………………………………………………………………………2

5 U.S.C. § 552(a)(6)(A)(ii)………………………………………………………………………..2

7 U.S.C. § 136d(b)………………………………………………………………………………...8

**REGULATIONS**

40 C.F.R. § 2.107(*l*)……………………………………………………………………………...15

40 C.F.R. § 2.107(*l*)(2)(i)………………………………………………………………………...15

40 C.F.R. § 2.107(*l*)(2)(ii)………………………………………………………………………..15

40 C.F.R. § 2.107(*l*)(2)(iii)……………………………………………………………………….15

40 C.F.R. § 2.107(*l*)(2)(iv)……………………………………………………………………….15

40 C.F.R. § 164.50(b)……………………………………………………………………………..8

40 C.F.R. § 164.51………………………………………………………………………………...8

40 C.F.R. § 164.132(a)……………………………………………………………………………8

**LEGISLATIVE HISTORY**

132 Cong. Rec. S14,298 (Sept. 30, 1986)…………………………………………………………5

132 Cong. Rec. S16,496 (Oct. 15, 1986)…………………………………………………………..5

## INTRODUCTION

Plaintiff Natural Resources Defense Council, Inc. ("NRDC") respectfully submits this reply brief in support of its motion for partial summary judgment, and in opposition to the cross-motion of Defendant United States Environmental Protection Agency ("EPA") for partial summary judgment, on the issue of NRDC's entitlement to a public interest fee waiver on its December 13, 2007 Freedom of Information Act ("FOIA") request for records concerning EPA's contacts, meetings, and communications with outside entities concerning ethylene bisdithiocarbamate ("EBDC") pesticides.

EPA has improperly defended its denial of NRDC's fee waiver request with *post hoc*, made-for-litigation arguments that are not properly part of the administrative record in this case. Even if the Court does consider those arguments, they are without merit, as EPA ignores the applicable standard of review and mischaracterizes NRDC's FOIA request as being only about a pending administrative proceeding that relates to one particular use of EBDCs. NRDC's FOIA request is in one sense broader than that single proceeding, in that it seeks records relating to all uses of EBDCs, and in another sense narrower, in that it only seeks non-public records of EPA contacts, meetings, and communications with the pesticide industry and other outside entities concerning EBDCs for the last five years. The two cases involve completely different universes of documents. Additionally, EPA's claims that records responsive to NRDC's FOIA request are not important enough to be made public are not substantiated in the administrative record, and are therefore improper. NRDC is entitled to a fee waiver based on its straightforward showing that the requested records are likely to contribute significantly to public understanding of the role that EPA's contacts, meetings, and communications played in its administration of FIFRA with

respect to these pesticides. Accordingly, NRDC respectfully requests that the Court grant its motion for partial summary judgment on the fee waiver issue and deny EPA's cross-motion.

## ARGUMENT

**I.    The Court Should Not Consider EPA's *Post Hoc* Litigation Defense of the Fee Waiver Denial.**

EPA's opposition brief relies entirely on *post hoc* arguments that should be ignored. The agency is limited in defending its fee waiver denial to the record developed during the administrative proceedings. Those proceedings closed as of the commencement of this litigation.

During the administrative process below, the only basis EPA provided for its fee waiver denial was a cursory assertion that NRDC did not meet the statutory standard. See Colangelo Decl. ¶ 6, Ex. C.[1] NRDC appealed this denial on January 25, 2008, and EPA did not respond to the administrative appeal. See NRDC Compl. ¶ 28 (Mar. 11, 2008); EPA Answer ¶ 28 (Apr. 10, 2008). EPA's deadline to respond to the administrative appeal was February 25, 2008. See 5 U.S.C. § 552(a)(6)(A)(ii) (requiring agencies to respond to administrative appeals within 20 business days). Six weeks after NRDC filed this lawsuit, and several months after the statutory deadline to respond to NRDC's appeal, EPA's litigation counsel forwarded a *post hoc* denial letter to NRDC. *See* Declaration of Thomas Cmar, dated July 14, 2008, ¶ 2 & Ex. A (July 14, 2008). EPA's opposition brief is improperly based entirely on this extra-record denial letter.

FOIA directs that judicial review of a fee waiver decision is "limited to the record before the agency." 5 U.S.C. § 552(a)(4)(A)(vii). This limitation applies to the explanation for EPA's decision as well as the evidence in support. See Friends of the Coast Fork v. U.S. Dep't of Interior, 110 F.3d 53, 55 (9th Cir. 1997) ("Our review is limited to the record before the agency,

---

[1] "Colangelo Decl." refers to the Declaration of Aaron Colangelo, dated May 29, 2008, which was filed with the Court in support of Plaintiffs' motion for partial summary judgment.

2

and this applies just as much to the reasons the agency offered for denial as it does to the evidence the agency offered . . . .").[2]  EPA's new denial letter, produced to support EPA's litigation position after the litigation began, was not part of the record before the agency below and should not be considered here.  See Motor Vehicle Mfrs' Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983) (court may not accept *post hoc* justifications for agency action); cf. Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record *already in existence*, not some new record made initially in the reviewing court") (emphasis added).   In support of its contrary view, EPA cites only dicta in an unpublished opinion in which the proper scope of the administrative record was apparently not contested by the parties.  EPA Opp. at 4 n.3 (citing Landmark Legal Found. v. IRS, No. 97-1474, 1998 WL 762353 (D.D.C. Sept. 22, 1998)).[3]

EPA claims that its new denial letter is the "final decision in the administrative proceeding below" and therefore "constitutes part of that proceeding."  EPA Opp. at 4 n.3.  However, NRDC exhausted all administrative remedies prior to filing suit, see Compl. ¶¶ 18 & 27, and the administrative proceeding below therefore concluded as of the date that the litigation commenced.  Because EPA's new denial letter was sent six weeks after the filing of the

---

[2] See also Judicial Watch, Inc. v. U.S. Dep't of Transp., Civ. No. 02-566 (SBC), 2005 WL 1606915, at *3 (D.D.C. July 7, 2005) [hereinafter DOT] ("[A] requestor who does not receive timely notice of an agency's decision is considered to have constructively exhausted administrative remedies and may proceed directly to federal court" to seek review of a fee waiver denial.).

[3] EPA also cites dicta in Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985), for the additional proposition that agencies may be ordered to conduct further proceedings on remand, if the existing record is so barren that "the reviewing court simply cannot evaluate the challenged agency action."  EPA Opp. at 4-5 n.3.  That case is off point.  Unlike in the scenario contemplated in Florida Power & Light, EPA has not claimed that the existing record is so inadequate as to preclude judicial review of the challenged agency action.  Nor could it; NRDC's FOIA request and subsequent appeal provide extensive documentation of NRDC's entitlement to a fee waiver that is more than sufficient to permit judicial review.  See Colangelo Decl. Exs. B & D.

complaint, it was not "reasonably calculated to put [NRDC] on notice as to the [alleged] deficiencies in [its] case," as is required of any proper administrative denial letter. Friends of the Coast Fork, 110 F.3d at 55.

EPA's argument to the contrary would defeat the purpose of record review. If EPA could "complete" the record after litigation has commenced by offering entirely new justifications for the challenged agency action, there would be no point to limiting review to an administrative record at all. EPA's position would permit it to expand the administrative record unilaterally at any time, even after a summary judgment motion has been filed and fully briefed, allowing the agency to defend itself based on new arguments developed after the fact and never presented or relied on during the administrative process. This position is improper. NRDC may not present new arguments or evidence in support of its request for a fee waiver at this stage, and it would be unfair to permit EPA to do so in opposition. The Court should therefore decline to consider the *post hoc* arguments in EPA's opposition brief.

## II. EPA's *Post Hoc* Defense Ignores the Applicable Standard of Review and Mischaracterizes NRDC's FOIA Request.

Even if the Court does consider EPA's improper *post hoc* litigation defense of its fee waiver denial, that defense is without merit. As an initial matter, EPA does not dispute that NRDC is a non-commercial requester, entitled to a liberal construction of the FOIA fee waiver provision in its favor. See NRDC Mem. at 8 (citing Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1315 (D.C. Cir. 2003) [hereinafter Judicial Watch]; Judicial Watch, Inc. v. U.S. Dep't of Energy, 310 F. Supp. 2d 271, 291 (D.D.C. 2004) [hereinafter DOE], rev'd in part on other grounds, 412 F.3d 125 (D.C. Cir. 2005); Inst. for Wildlife Prot. v. U.S. Fish & Wildlife Serv., 290 F. Supp. 2d 1226, 1232 (D. Or. 2003)). As NRDC explained in its opening brief, "[i]n amending the FOIA fee waiver provision to ensure that it be liberally construed in favor of non-

4

commercial requesters, Congress intended that 'when such requesters demonstrated *a minimal showing of their legitimate intention* to use the requested information in a way that contributes to public understanding of the operations of government agencies, no fee attaches to their request[s].'" NRDC Mem. at 9 (quoting Inst. for Wildlife Prot., 290 F. Supp. 2d at 1232 (emphasis added)).[4] At no point in EPA's opposition brief does the agency even acknowledge this established point of law, let alone attempt to argue that EPA applied such a liberal construction in this case.[5]

Further, in deciding fee waiver requests, agencies must limit their inquiry to "the face of the request and the reasons given by the requester in support of the waiver." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 814 (2d Cir. 1994).[6] EPA did not do that in this case. NRDC's FOIA request seeks records "reflecting or relating to any contacts, meetings, or communications with pesticide registrants and other outside entities or individuals concerning [EBDCs] since August 18, 2003." Colangelo Decl. Ex. B at 1. To aid in the identification of responsive documents, the FOIA request additionally specifies two categories of documents likely to be responsive. Id. Ex. B at 1-2. First, the request names each known firm that either manufactures

---

[4] The FOIA fee waiver provision was amended in 1986 to make fee waivers easier to obtain, particularly for non-commercial requesters. 132 Cong. Rec. S14,298 (Sept. 30, 1986) (the amended statute "is to be liberally construed in favor of waivers for noncommercial requesters") (Sen. Leahy). According to Senator Leahy, one of the principal architects of the legislation, the main purpose of the fee waiver amendment was "to remove the roadblocks and technicalities which have been used by various Federal agencies to deny waivers or reductions of fees under the FOIA." 132 Cong. Rec. S16,496 (Oct. 15, 1986) (Sen. Leahy). Courts have repeatedly cited this statement of Senator Leahy as authoritative evidence of the legislative intent behind the FOIA fee waiver provision. See, e.g., Judicial Watch, 326 F.3d at 1315; Cmty. Legal Servs. v. U.S. Dep't of Housing & Urban Dev., 405 F. Supp. 2d 553, 555 (E.D. Pa. 2005); Pederson v. Resolution Trust Corp., 847 F. Supp. 851, 856 (D. Colo. 1994).

[5] Moreover, EPA's construction of FOIA is not entitled to any deference here. E.g., Judicial Watch, 326 F.3d at 1313.

[6] See also In Defense of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 83, 109 (D.D.C. 2008); DOT, 2005 WL 1606915, at *4.

5

EBDCs or advocates for their increased use. See id. Ex. B at 1-2. Second, the request identifies a pending EPA administrative proceeding in which an EPA decision to allow for greater use of EBDCs on potatoes is being adjudicated. See id. Ex. B at 2. NRDC also made it clear that it is only seeking records that are not already publicly available. See id. Ex. B at 2, 6-7, Ex. D at 2-4.[7] As stated in the FOIA request, "NRDC's interest in obtaining the requested materials is to serve the public interest by disclosing presently non-public information about the nature and extent of EPA contacts, meetings, and communications with pesticide registrants and other outside entities and individuals regarding EBDC risk, contamination, public health threats, and appropriate regulatory responses." Id. Ex. B at 6-7; see also id. Ex. D at 5.

In arguing that NRDC is not entitled to a fee waiver, EPA repeatedly insists that the only purpose motivating NRDC's FOIA request is to discover "the reasons behind a recent decision by EPA to consider modifying an existing restriction on EBDC use on potatoes." EPA Opp. at 1; see also id. at 2, 4, 5, 8-17. No matter how many times EPA says this, however, it is not true. As EPA itself acknowledges, see id. at 15-17, NRDC's request is not so framed. NRDC is seeking all records of EPA contacts, meetings, and communications with outside entities regarding EBDCs from the last five years in order to study how EPA interacts with outside entities with respect to these pesticides and whether those interactions have any discernable impact on EPA decisionmaking. See Colangelo Decl. Ex. B at 1, 3, 6-7, Ex. D at 1-2. In addition to evidence regarding the pending administrative proceeding, NRDC has also supported its fee waiver request with evidence that EBDCs are pesticides of widespread health concern, see id. Ex. B (FOIA request exhibits A and B), as well as media coverage garnered by NRDC regarding two similar FOIA requests to EPA on different pesticides (rat poison and atrazine), see

---

[7] To further aid in the identification of responsive documents, the FOIA request also names EPA staff who are likely to possess responsive records. See Colangelo Decl. Ex. B.

6

id. Ex. D at Appendices I-K.[8] EPA largely ignores these two other categories of evidence submitted by NRDC.

Based on its mischaracterization of NRDC's FOIA request as only being about one particular EBDC use that is the subject of an EPA administrative proceeding, EPA argues that the records sought by NRDC's FOIA request do not contain information that will be meaningful to the public, because the agency has already released to the public certain information about EBDCs in connection with that proceeding. EPA Mem. at 11-15. As an alternative argument, EPA asserts that NRDC's fee waiver request is improper because it is too broad to be supported by NRDC's justifications in support of its fee waiver request. Id. at 15-17. Although superficially appealing, there are at least four problems with these arguments.

First, NRDC's justification for a fee waiver is both broader than and different from the issues at stake in the administrative proceeding, such that the public availability of some information on EBDCs through the administrative proceeding has no bearing on the separate category of information sought by NRDC under FOIA. NRDC seeks records concerning EBDCs under FOIA because "the EBDCs are pesticides of widespread health concern," in order to learn about "EPA's administration of [the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA")] with respect to pesticide products containing EBDCs." Colangelo Decl. Ex. D at 4. By contrast, the administrative proceeding involves a narrower issue regarding whether EPA may reverse a 1992 cancellation order that determined that the use of EBDCs on potatoes between 14 and 3 days of harvest may result in unreasonable adverse effects on human health

---

[8] EPA properly granted NRDC fee waivers on both the rat poison and atrazine FOIA requests. See Colangelo Decl. Ex. D at 5. EPA fails to distinguish or even address these previous requests.

7

and the environment.[9]  Colangelo Decl. Ex. D at 4, Appendix D.  There is no overlap between the records requested by NRDC under FOIA and the records already made public in the administrative proceeding, because the FOIA request only seeks non-public records.  See id. Ex. B at 6-7, Ex. D at 5.  In other words, the two cases involve completely different universes of agency records.  None of the public documents from the administrative proceeding provide the information that NRDC seeks through this FOIA request.[10]

Second, EPA's arguments are based on unsubstantiated claims that the requested records do not contain meaningful information.  An agency may not deny a FOIA fee waiver request on the basis of a claim that has not been substantiated in the administrative record.  See NRDC Mem. at 14-17 (citing cases).  This is true of agency claims that the requested records are merely "routine" or "administrative" in nature, as well as claims that the records are not important enough to merit a fee waiver for their release.  See, e.g., Citizens for Responsibility & Ethics in

---

[9] A cancellation order must be based on a finding that a pesticide use will cause unreasonable adverse effects on the environment.  7 U.S.C. § 136d(b).  The pending EPA administrative proceeding involves EPA's decision to grant an application by the EBDC/ETU Task Force, a trade association of EBDC manufacturers, to reverse the 1992 cancellation order for EBDCs in response to purportedly substantial new evidence.  See Colangelo Decl. Ex. D at Appendices C-H.  EPA's assertion that it is "misleading" to characterize this decision as a "reversal" of the 1992 order, see EPA Opp. at 12-13, is directly contradicted by the plain language of the regulation governing the administrative proceeding, which provides that "[t]he issues in the [proceeding] shall be whether: (1) Substantial new evidence exists and (2) such substantial new evidence requires reversal or modification of the existing cancellation or suspension order."  40 C.F.R. § 164.132(a).

[10] EPA also argues that the availability of discovery in the administrative proceeding cuts against NRDC's entitlement to a fee waiver here.  EPA Opp. at 9 n.5.  Even to the extent that the issues in the two proceedings overlap, EPA's argument misstates the applicable law.  Discovery is not available as of right in the administrative proceeding, but only at the discretion of the ALJ.  See 40 C.F.R. § 164.51.  NRDC is not entitled to receive any EPA records in the administrative proceeding other than those that the agency presents as the basis for its decision.  See id. § 164.50(b) (providing for mandatory disclosure only of those EPA records that the agency "expects to introduce into evidence" in the proceeding).  This is far from an adequate alternative to the broad rights provided by FOIA to obtain agency records, and to do so without cost upon a showing that disclosure of the requested information is in the public interest.

Washington, 481 F. Supp. 2d 99, 113 (D.D.C. 2006) [hereinafter CREW] (where the requester "has demonstrated a legitimate public interest in understanding the activities of . . . a government agency," the agency's "view that there is nothing to be gained from information about 'standard, routine operations' is irrelevant"); Project on Military Procurement, 710 F. Supp. 362, 366 (D.D.C. 1989) (rejecting as "unsubstantiated" agency's argument that "there is no public benefit to be derived" from FOIA request); DOE, 310 F. Supp. 2d at 295 (finding improper agency fee waiver denial based on unsubstantiated claim that requested material "would not make a *significant* contribution to the understanding of the general public") (emphasis in original) (internal quotation marks omitted). Simply put, under FOIA, EPA does not get to prejudge the informative value of the requested records as part of evaluating a fee waiver request. Its reliance on such judgments here is improper.[11]

Third, EPA's claim that it has "thousands" of records responsive to NRDC's FOIA request, see EPA Opp. at 10 & 16, actually favors NRDC's entitlement to a fee waiver here. For EPA to generate thousands of records of contacts, meetings, or communications with pesticide manufacturers and other outside entities concerning EBDCs in the last five years alone would require almost daily communications between EPA and outside groups regarding the regulation of these pesticides. That frequency of communication with outside parties in and of itself would be a significant fact that the public should know.

Moreover, information about those contacts, meetings, and communications is not presently public; "there has been no comparable report specifically addressing what [NRDC]

---

[11] The most extreme example of this mode of argument by EPA is the agency's characterization of NRDC's FOIA request as encompassing "thousands of irrelevant documents." EPA Opp. at 16. Such an argument is clearly improper. It is not for EPA to decide that requested records are or are not "relevant" to NRDC, when they are in fact the very records that NRDC has requested under FOIA, none of the records are publicly available, and nothing in the administrative record describes their contents.

9

seeks to discover from the requested documents." CREW, 481 F. Supp. 2d at 117. NRDC has demonstrated both its intent and ability to review a large cross-section of agency records, use its expertise to digest their contents, and disseminate to the public meaningful new information culled from the request. See Colangelo Decl. Ex. B at 2-7, Ex. D at 2-5; see also NRDC Mem. at 15-16 (citing Judicial Watch, 326 F.3d at 1314-15; CREW, 481 F. Supp. 2d at 117; DOT, 2005 WL 1606915, at *5). NRDC's planned review of EPA activities is exactly the sort of non-profit research that Congress intended to encourage through the FOIA fee waiver provision. See, e.g., Forest Guardians v. U.S. Dep't of Interior, 416 F.3d 1173, 1181 (10th Cir. 2005); In Defense of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 83, 111 (D.D.C. 2008); Eagle v. Dep't of Commerce, No. C 01-20591 (JF) (PVT), 2003 WL 21402534, at *5 (N.D. Cal. Apr. 28, 2003).

In addition, EPA's implication that a fee waiver should not be granted for a FOIA request with thousands of responsive documents is incorrect. There is no such limitation in the statute, and courts have approved fee waivers for requests much broader than NRDC's request in this case. See, e.g., Carney, 19 F.3d at 810, 814-16 (reversing fee waiver denial on "voluminous FOIA requests" that yielded hundreds of thousands of responsive documents).

Fourth, EPA wrongfully suggests that NRDC needs to prove malfeasance on the part of EPA in order to demonstrate entitlement to a fee waiver. See EPA Opp. at 13-15. This argument fails, because nowhere in NRDC's FOIA request or its administrative appeal does NRDC base its fee waiver request on a claim that there has been an improper or corrupt influence on EPA. See Colangelo Decl. Exs. B & D. NRDC's reason for seeking these records is "to inform the public of the nature and extent" of EPA's contacts with outside entities. Id. Ex. B at 3. As noted above, EPA may not impute to NRDC motivations for its FOIA request that

NRDC did not expressly state in the administrative record.  See supra at 5, 8.  NRDC has made no claims of EPA corruption as a basis for its fee waiver request.  Thus, EPA's attempt to distinguish cases such as Judicial Watch and CREW on the ground that in those cases, the requester was able to offer specific evidence in support of agency malfeasance, see EPA Opp. at 14-15, is a distinction without a difference here, where NRDC neither is required to nor has attempted to offer such evidence.[12]  The records sought by NRDC are likely to contribute significantly to public understanding of government operations and activities regardless of what they reveal about them.  See NRDC Mem. at 14-15 (citing Judicial Watch, 326 F.3d at 1313-14; CREW, 481 F. Supp. 2d at 109; Cmty. Legal Servs., 405 F. Supp. 2d at 559).  EPA's communications with the pesticide industry and other outside groups about the EBDCs need not be improper or illegal in order to reveal meaningful information that makes a significant contribution to public understanding about the regulatory process.

For these four reasons, the cases relied on by EPA do not support denial of NRDC's fee waiver request.  The principal case on which EPA relies, VoteHemp, Inc. v. Drug Enforcement Agency, 237 F. Supp. 2d 55 (D.D.C. 2002), involved a commercial requester who was seeking "all documents relating to hemp policy" from the DEA and justified its request for a fee waiver with "conclusory allegations that the DEA has ulterior concerns or motives" for promulgating an interpretative rule regarding hemp.  VoteHemp, 237 F. Supp. 2d at 57, 63-64.  The VoteHemp court upheld the DEA's fee waiver denial, because the underlying bases of the DEA's decision were in the public record, the requester did not provide any evidence of an ulterior motive on the

---

[12] In the same breath, EPA also attempts to distinguish Forest Guardians, on the ground that it was about "a government program about which little was known." EPA Mem. at 14.  This argument, however, only emphasizes the commonality between Forest Guardians and this case.  Like the program at issue in Forest Guardians, the extent and nature of EPA contacts, meetings, and communications with outside entities concerning EBDCs is a government activity about which little is known.  See supra at 7-8.

11

part of the DEA, and the requester was involved in the commercial activity of promoting the industrial use of hemp. Id. at 59-66.

EPA's attempt to shoehorn this case into the fact pattern of VoteHemp relies on repeated mischaracterizations and a distorted construction of NRDC's FOIA request. As explained above, none of the factors that the VoteHemp court considered material are present here. By contrast with VoteHemp, NRDC is not seeking "'secret' reports and studies that [it] alleges [EPA] has utilized" in making regulatory decisions, VoteHemp, 237 F. Supp. 2d at 64, nor is NRDC seeking the substance of EPA's "true concerns" underlying its decisions related to EBDCs, id. at 63. Rather, NRDC is seeking to discover the process by which EPA interacts with the regulated industry in its administration of the laws governing these pesticides and the extent to which those communications demonstrate industry influence. See Colangelo Decl. Ex. B at 2-4, 6-7, Ex. D at 2-5. These records are not already publicly available. See CREW, 481 F. Supp. 2d at 117 (distinguishing VoteHemp on the ground that "the administrative record certainly does not indicate that the full scope of CREW's request would be redundant" of publicly available information). Thus, although EPA complains that, "like the plaintiff in VoteHemp, NRDC failed to offer any substantial reason to suspect that ulterior motives are afoot," EPA Opp. at 12, NRDC was not required to offer any such evidence, because that is not what NRDC's FOIA request is about. See Center for Biological Diversity v. Office of Mgmt. & Budget, No. C 07-04997 (MHP), 2008 WL 686102 (N.D. Cal. Mar. 13, 2008) (distinguishing VoteHemp on the ground that "[t]he release of th[e] information [requested] will increase public information . . . because it will aid the public in evaluating the role, scope, and influence of the [Office of Management and Budget] in decisions made by the [National Highway and Traffic Safety Administration]"). Finally, NRDC is a non-commercial requester here, entitled to a liberal construction of the FOIA

12

fee waiver provision in its favor. See supra at 4-5. That was not the case in VoteHemp: the requester there was found to engage in "advocacy for a free market in hemp" and to be associated with "businesses with a commercial interest in hemp products." VoteHemp, 237 F. Supp. 2d at 65. Because non-commercial requesters are entitled to more favorable treatment under the FOIA fee waiver provision, the requester's commercial status in VoteHemp would have necessarily colored the court's analysis of the other public interest factors.

The other cases cited by EPA are equally distinguishable. The Ninth Circuit in McClellan Ecological Seepage Situation v. Carlucci, 835 F.2d 1282 (9th Cir. 1987), upheld a fee waiver denial where the requester was seeking technical information that would assist in tort litigation being pursued by private parties. That is not this case. Although NRDC is a party to a pending EPA administrative proceeding regarding one particular use of EBDCs on potatoes, the issues in that proceeding are distinct from the information that NRDC is seeking to discover through this FOIA request, as discussed above. See supra at 7-8. Moreover, a requester's involvement in pending or potential litigation on the same general subject matter does not disqualify it from entitlement to a fee waiver where it has otherwise shown that it seeks the documents in the public interest. See McClellan, 835 F.2d 1282, 1287 n.4; accord Cmty. Legal Servs., 405 F. Supp. 2d at 560-61; Pederson v. Resolution Trust Corp., 847 F. Supp. 851, 856 (D. Colo. 1994). McClellan provides no support to EPA's arguments here.

Similarly, EPA cites several cases where the court found that the requester was engaged in a "fishing expedition" for evidence of agency corruption. See EPA Opp. at 13, 16 (citing Van Fripp v. Parks, 97 Civ. 159 (RMU), 2000 U.S. Dist. LEXIS 20158, at *17, 21 (D.D.C. Mar. 16, 2000); D.C. Tech. Assistance Org. v. U.S. Dep't of Housing & Urban Dev., 85 F. Supp. 2d 46, 49 (D.D.C. 2000); Am. Fed. Gov't Emp'ees, Local 2782 v. U.S. Dep't of Commerce, 632

F. Supp. 1272, 1278 (D.D.C. 1986) [hereinafter AFGE]). As discussed above, NRDC is not looking for evidence of agency corruption here, so these cases are off point. Unlike the requester in Van Fripp, NRDC is not seeking records under FOIA to substantiate "ephemeral" allegations that EPA misappropriated government funds, as was the plaintiff in Van Fripp, see 2000 U.S. Dist. LEXIS 20158, at *15-17, to substantiate a belief that EPA is engaged in "a bad faith effort to destroy [it]," as was the plaintiff in D.C. Technical Assistance Organization, see 85 F. Supp. 2d at 49, or to substantiate suspicions that EPA has engaged in illegal practices, as was the plaintiff in AFGE, see 632 F. Supp. at 1273. NRDC's FOIA request is not solely or even primarily about agency malfeasance or impropriety; rather, NRDC seeks to study and make public the role that EPA's communications with outside entities concerning EBDCs play in the agency's administration of FIFRA with respect to those pesticides. See Colangelo Decl. Exs. B & D.[13]

### III.   NRDC is Entitled to a Fee Waiver on This FOIA Request.

Once EPA's efforts to confuse the issues in this case are dispelled, NRDC's FOIA request, administrative appeal, and accompanying evidence easily constitute the "minimal showing of legitimate intention" necessary to establish its entitlement to a fee waiver. Inst. for Wildlife Prot., 290 F. Supp. 2d at 1232. Specifically, NRDC has met its burden of satisfying

---

[13] In addition, NRDC's FOIA request is much narrower than the requests at issue in these cases. See Van Fripp, 2000 U.S. Dist. LEXIS at 20158, at *1 (requester seeking all documents referring to a particular government program); D.C. Tech. Assistance Org., 85 F. Supp. 2d at 48 (requester seeking all records referring to a particular government program as well as all records referring to the requester); AFGE, 632 F. Supp. at 1275 (requester seeking every file in every office relating to agency personnel decisions). NRDC's request is limited in several significant respects. First, NRDC seeks only communications with outside parties about the EBDCs, which amounts to only one subset of the agency's records regarding a single class of pesticides. Second, NRDC seeks only those communications that have not already been made public. Third, NRDC has requested only documents from the past five years, not from the entire decades-long regulatory history for these pesticides. EPA's claim that NRDC's FOIA request is extraordinarily broad is inaccurate. See EPA Opp. at 16.

14

each of the elements identified by the EPA fee waiver regulation, 40 C.F.R. § 2.107(*l*), with "reasonable specificity." CREW, 481 F. Supp. 2d at 109; see also Judicial Watch, 326 F.3d at 1313-15.

First, EPA does not dispute that NRDC's FOIA request concerns the operations or activities of government, see NRDC Mem. at 10-11, or that NRDC has demonstrated the capability and intent to disseminate any newsworthy information obtained from this request to a reasonably broad audience of persons, see id. at 11-12. Thus, NRDC's showings under 40 C.F.R. § 2.107(*l*)(2)(i) & (iii) are unrebutted.

All of EPA's arguments go toward whether the records requested by NRDC are likely to contribute, and to contribute significantly, to public understanding of EPA operations or activities. See 40 C.F.R. § 2.107(*l*)(2)(ii) & (iv). A review of the administrative record establishes that EBDCs are pesticides of widespread health concern, see Colangelo Decl. Ex. B (FOIA request Exhibits A and B), and that there is ongoing controversy regarding the safety of their use on food, see id. Ex. D at Appendices C-H. NRDC made its FOIA request in order to study the role that EPA communications with pesticide manufacturers and other outside entities have played in EPA's process of regulating these pesticides. Id. Ex. B at 1, 3, 6-7, Ex. D at 1-2. NRDC has conducted similar studies in the past with respect to two other pesticides, rat poison and atrazine, both pursuant to fee waivers properly granted by EPA, and has uncovered significant newsworthy information that was widely disseminated to the public. Id. Ex. D at 5, Appendices I-K. This straightforward showing that release of the requested records would be in the public interest is all that NRDC is required to make to demonstrate its entitlement to a fee waiver under FOIA.

**CONCLUSION**

For the reasons set forth above, and for the reasons set forth in NRDC's opening brief, NRDC respectfully urges the Court to grant its motion for partial summary judgment, to deny EPA's cross-motion for partial summary judgment, and to direct EPA to grant NRDC a public interest fee waiver with respect to NRDC's December 13, 2007 FOIA request.

Dated: July 14, 2008
Washington, DC

Respectfully submitted,

_s/_
Thomas Cmar
NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Ave., N.W., Ste. 400
Washington, DC  20005
Phone:  (202) 289-2405
Fax:  (202) 289-1060

Nancy S. Marks
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY  10011
Phone:  (212) 727-2700
Fax:  (212) 727-1773

Counsel for Plaintiff